**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4791**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAUN MICHAEL DUNN,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Lacy H. Thornburg, District Judge. (2:09-cr-00021-LHT-1)

Submitted: September 15, 2010    Decided: October 18, 2010

Before TRAXLER, Chief Judge, KING, Circuit Judge, and Jerome B. FRIEDMAN, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, Asheville, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Charlotte, North Carolina, Don D. Gast, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaun Michael Dunn was charged through the Assimilative Crimes Act, 18 U.S.C.A. § 13 (West 2000), with speeding to elude arrest while riding his motorcycle on the Blue Ridge Parkway. He was convicted after a jury trial and sentenced to five months' imprisonment and one year of supervised release. Dunn appeals, arguing that the district court erred by restricting his cross-examination of the park ranger who charged him.[1] Finding no reversible error, we affirm Dunn's conviction.

According to Dunn, Ranger Scheid issued a ticket on the scene charging him with misdemeanor speeding to elude arrest. See N.C. Gen. Stat. § 20-141.5(a). Two days later, Scheid filed a criminal complaint charging Dunn with felonious speeding to elude arrest, alleging aggravating factors to support the felony charge. See N.C. Gen. Stat. § 20-141.5(b). A few weeks later, a federal grand jury issued an indictment charging Dunn with felonious speeding to elude arrest and alleging three aggravating factors: exceeding the speed limit by more than fifteen miles per hour, reckless driving, and negligent driving

---

[1] Dunn initially raised two sentencing challenges as well. Because Dunn has completed the term of imprisonment, this court previously granted the unopposed motion to dismiss the sentencing issues as moot.

leading to an accident causing property damage in excess of $1,000.[2]

On appeal, Dunn contends that the district court erred when it refused to permit him to cross-examine Ranger Scheid about the decision to upgrade the charges. Dunn argues that because Scheid originally charged him with a misdemeanor that did not allege aggravating factors, but then later decided to upgrade the charges, he was entitled to cross-examine Scheid about the charging decision in order to show possible bias or animosity towards Dunn. Dunn argues that the jury should have been informed that Scheid "had escalated the charges" and that "trial counsel should have thus been allowed to argue that this showed bias toward [Dunn] and a desire to protect [the ranger who wrecked his patrol car] and himself and shift blame for the accident." Brief of Appellant at 9. Dunn contends that the district court's refusal to let him pursue this line of questioning violated his Sixth Amendment right to confront the witnesses against him. We disagree.

"The Sixth Amendment right to confrontation and the Fifth Amendment right to due process of law require only that the accused be permitted to introduce all <u>relevant</u> and admissible

---

[2] One of the rangers wrecked his patrol car while trying to stop Dunn. The damage to the patrol car provided the factual basis for the third aggravating factor.

evidence." United States v. Powers, 59 F.3d 1460, 1470 (4th Cir. 1995) (internal quotation marks omitted). Thus, "[a] defendant's Sixth Amendment right to cross-examination is limited to issues that are relevant to his trial, and the district court has broad discretion to determine which issues are relevant." Id.; see also Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) ("[T]rial judges retain wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant.").

In this case, the district court agreed with the government that the cross-examination sought by Dunn was improper because the ultimate decision to charge Dunn with a felony was made not by Ranger Scheid, but by the prosecuting attorney, and that the cross-examination would improperly insert questions about punishment into the jury's deliberations. The district court therefore refused to permit the cross-examination.

Because the ultimate decision to indict Dunn on a felony charge was made by an assistant United States Attorney, not Ranger Scheid, we cannot say that the district court abused its discretion by concluding that Dunn's line of questioning was not relevant. We likewise do not believe that the district court abused its discretion by prohibiting the proposed cross-

4

examination on the basis that it would improperly raise questions about punishment in the jury's mind. <u>See, e.g.</u>, <u>Shannon v. United States</u>, 512 U.S. 573, 579 (1994) ("The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task.").

Accordingly, for the foregoing reasons, we hereby affirm Dunn's conviction.

<u>AFFIRMED</u>